TEXAS AND PACIFIC RAILWAY COMPANY v. J. D. ARNETT.

Decided January 20, 1906.

**1.—Carrier—Contract of Shipment—Limiting Liability.**

A carrier of freight has the right by the contract of shipment to limit its liability to its own line of road, and it was error to sustain an exception to an answer setting up such contract.

**2.—Judgment—Insufficient Evidence.**

Each judgment must be tested on appeal by the evidence in its own record. Because in other similar appealed cases there may have been evidence which would warrant such a judgment as was rendered in the case in hand, this would not authorize the court to take judicial knowledge of such evidence and render judgment as if said facts has been proven in the case on trial.

Appeal from the County Court of Mitchell County. Tried below before Hon. W. E. Crockett.

*Ed. W. Smith,* for appellant.—The court erred in sustaining plaintiff's special demurrer to that part of defendant's answer setting up a written contract covering the shipment of the cattle involved, and lim-

iting its liability to its line of road, on the ground that such character of contract is repugnant to article 331a of the Revised Statutes, because in said answer it was specially alleged that the defendant only undertook, by the terms of said contract, to transport the cattle involved from its Iatan, Texas, station, to its Fort Worth, Texas, station, and there deliver them to the connecting carrier for further transportation to their destination, which was a point other than and beyond said Fort Worth station, and that under the terms of said contract the defendant's liability terminated upon such delivery to the connecting carrier. Art. 331a, Sayles' Civ. Stats.; San Antonio & A. P. Ry. Co. v. Barnett, 66 S. W. Rep., 474; International & G. N. Ry. Co. v. Young, 72 S. W. Rep., 68; Ft. Worth & D. C. Ry. Co. v. Williams, 77 Texas, 125; McCarn v. International & G. N. Ry. Co., 84 Texas, 353.

No brief for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The court erred in striking out the answer of appellant setting up a contract of shipment limiting its liability to its own line, since, although the shipment was one between points in this State, the petition failed to allege that the cattle had been received by appellant for through shipment "on a contract for through carriage," as provided in article 331a, Revised Statutes, and the answer denied the existence of any such fact or contract.

The court also erred in finding that appellant had undertaken to deliver the cattle to the Fort Worth Stock Yards, since the statement of facts fails to contain any evidence on that subject. The evidence went no further than to show that the ultimate destination of the cattle was the Fort Worth Stock Yards in North Fort Worth, and that the owners had delivered them to appellant at a station on its road in order that they might be carried there and sold on the market. We find no evidence that appellant undertook to do more than carry the cattle to its station at Fort Worth, or rather to Belt Junction the nearest point on its road to the stock yards. It may be that appellee could have shown that the relation between appellant and the carrier from Belt Junction to the Fort Worth Stock Yards was such as to render the undertaking of appellant in the first instance one to deliver the cattle at said stock yards, but without such proof the court was not warranted in assuming the existence of any such relation. Although in other cases which have come before us the proof may have established that the company operating between Belt Junction and the stock yards was but the instrument of appellant in making transfers of live stock from its own to connecting lines extending beyond Fort Worth, we can not take judicial knowledge in this case of any such fact.

There is also a serious question as to the sufficiency of the petition to warrant the recovery had of damages for a decline in the market from December 14 to December 15, 1904, which can be easily cured on another trial.

For the error first pointed out, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*